IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARK ANTHONY JOHNSON, #2078523, § <br> Petitioner, § <br> § <br> v. § <br> § <br> LORIE DAVIS, Director, TDCJ-CID, § <br> Respondent. § | CIVIL CASE NO. 3:18-CV-704-G-BK |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the petition for writ of habeas corpus under 28 U.S.C. § 2254, Doc. 3, was referred to the United States magistrate judge for findings, conclusions and recommendation. Upon review of the relevant pleadings and applicable law, and as detailed herein, the petition should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

**I. BACKGROUND**

In 2015, Petitioner was convicted of aggravated assault with a deadly weapon and sentenced to seven years' imprisonment. *State v. Johnson*, Nos. F13-59739, F13-59740, F13-59741, F13-59742 (Crim. Dist. Court No. 2, Dallas Cty., Jan. 13, 2015), *aff'd*, Nos. 05-15-00060-CR, 05-15-00061-CR, 05-15-00062-CR, 05-15-00063-CR, 2016 WL 1733610, at * 1 (Tex. App. – Dallas, Apr. 28, 2016, no pet.). The Texas Court of Criminal Appeals subsequently denied state habeas relief. *Ex parte Johnson*, Nos. WR-86,710-01, WR-86,710-02, WR-86,710-03, WR-86,710-04 (Tex. Crim. App. Apr. 26, 2017) (dismissing first applications for non-

compliance)[1]; *Ex parte Johnson*, Nos. WR-86,710-05, WR-86,710-06, WR-86,710-07, and WR-86,710-08 (Tex. Crim. App. Oct. 25, 2017) (denying second applications).[2]

On March 23, 2018, Petitioner, proceeding *pro se*, filed this federal habeas petition, alleging ineffective assistance of counsel and challenging the suppression of evidence and the admission of perjured testimony in the trial court. Doc. 3 at 6-7. As his federal petition appeared untimely, the Court directed Petitioner to respond regarding the application of the one-year limitations period. Petitioner has now filed his response. Doc. 6.

## II. ANALYSIS

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte* after providing notice and an opportunity to respond. *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).

Petitioner filed his federal petition well beyond the one-year limitations period. *See* 28 U.S.C. § 2244(d)(1)(A) (a state prisoner ordinarily has one year to file a federal habeas petition, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). Because Petitioner did not file a petition

---

[1] The online docket sheets are available at http://search.txcourts.gov/Case.aspx?cn=WR-86,710-01&coa=coscca, http://search.txcourts.gov/Case.aspx?cn=WR-86,710-02&coa=coscca, http://search.txcourts.gov/Case.aspx?cn=WR-86,710-03&coa=coscca, http://search.txcourts.gov/Case.aspx?cn=WR-86,710-04&coa=coscca (last visited on April 10, 2018).

[2] The online docket sheets are available at http://search.txcourts.gov/Case.aspx?cn=WR-86,710-05&coa=coscca, http://search.txcourts.gov/Case.aspx?cn=WR-86,710-06&coa=coscca, http://search.txcourts.gov/Case.aspx?cn=WR-86,710-07&coa=coscca, http://search.txcourts.gov/Case.aspx?cn=WR-86,710-08&coa=coscca (last visited on April 10, 2018).

for discretionary review (PDR), his conviction became final on May 28, 2016 -- 30 days after the state court of appeals affirmed his judgment of conviction on April 28, 2016. *See* TEX. R. APP. PROC. 68.2(a) (PDR must be filed within 30 days of either the date on which the judgment is affirmed, or the last timely motion for rehearing is overruled by the court of appeals); *Flores v. Quarterman*, 467 F.3d 484, 485 (5th Cir. 2006) (per curiam) (conviction final 30 days after judgment was affirmed because no PDR). The limitations period expired just over one year later, on Tuesday May 30, 2017 (accounting for the weekend and Memorial Day holiday). *See* FED. R. CIV. P. 6(a).

     Petitioner is not entitled to statutory tolling during the pendency of his state habeas applications. *See* 28 U.S.C. § 2244(d)(2). By dismissing the first applications as non-compliant, the Texas Court of Criminal Appeals concluded that they were "not properly filed" in accordance with state filing requirements, thus "precluding such petition[s'] tolling of the statute of limitations." *See Koumjian v. Thaler*, 484 Fed. App'x 966, 968 (5th Cir. 2012) (per curiam) (addressing dismissal of a state application for failure to comply with TEX. R. APP. P. 73.1 and 73.2 and collecting cases holding that "a state court's ruling as to whether a state habeas petition is 'properly filed' is dispositive"). Likewise, since the second application was not deemed filed until July 23, 2017 – 54 days after the one-year period expired – it cannot toll the one-year period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (no statutory tolling if state application is filed after the limitations period expired).[3]

---

[3] The first state habeas applications were signed on February 27, 2017, and the second applications were signed on July 23, 2017. *See Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending prison mailbox rule to state habeas application). The state docket sheets and electronic documents are available at http://courtecom.dallascounty.org/publicaccess/ (enter case numbers W1359739A, W1359740A, W1359741A, or W1359742A for the first application, and

Notably, the result would not change, even if the Court were to permit statutory tolling based on the first and the second state habeas applications, because Petitioner's delay was so extensive. Petitioner delayed (275 days) after his conviction first became final on May 28, 2016, before he even filed his first state applications on February 27, 2017. Following the dismissal of those applications on April 26, 2017, Petitioner waited until July 23, 2017 (an additional 87 days), before he filed his second applications, which were denied on October 25, 2017. Thus, even if statutory tolling had applied, the one-year limitations period would have expired by Saturday October 28, 2017, extended to Monday October 30, 2017 – 120 days before the filing of the federal petition on February 28, 2018. Consequently, the federal petition is outside the one-year limitations period under section 2244(d)(1)(A).

Additionally, subsections (B) through (D) of section 2244(d)(1) are inapplicable. Petitioner alleges no state-created impediment that prevented timely filing of his claims, does not base his claims on any new constitutional right, and the facts supporting his claims became or could have become known prior to the date on which his conviction became final. Accordingly, Petitioner's federal habeas petition is barred by limitations, absent equitable tolling.

**B. Equitable Tolling**

Petitioner's filings, even when liberally construed in accordance with his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing") (quotations and quoted case

---

Case numbers W1359739B, W1359740B, W1359741B, or W1359742B for the second application) (last visited on Apr. 11, 2018).

omitted); *see also Menominee Indian Tribe of Wis. v. United States,* ___ U.S. ___, 136 S. Ct. 750, 755-56 (2016). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("equity is not intended for those who sleep on their rights") (quotation and quoted case omitted).

Furthermore, this is not a case in which Petitioner pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). As previously noted, he squandered the entire one-year period, waiting more than 275 days after his conviction became final, before he filed his first, non-compliant state habeas application in February 2017. Following the dismissal of that application, Petitioner waited an additional 87 days before he submitted his second state application in July 2017. Following the denial of that application, Petitioner delayed 120 more days, before he filed this federal petition. Such extended periods of inactivity clearly indicate a lack of due diligence.

In addition, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices to establish a rare and exceptional circumstance for purposes of equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim"); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (per curiam) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling").

Accordingly, the Court concludes that Petitioner has not met his burden to establish that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

### III. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

**SO RECOMMENDED** April 30, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE